IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROY EDWARD CANTU | § | |
|    Reg. #: 05508-078 | § | |
| v. | § | C.A. NO. C-12-257 |
| | § | |
| FEDERAL BUREAU OF PRISONS, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY**
**PETITIONER'S MOTION FOR IMMEDIATE RELEASE**

Petitioner is a federal prisoner currently incarcerated at the Federal Correctional Institution in Three Rivers, Texas. Proceeding pro se, he filed a habeas corpus petition pursuant to 28 U.S.C. § 2241, challenging the length of his sentence. (D.E. 1). Pending are Petitioner's motions for immediate release. (D.E. 29, 30). For the reasons stated herein, it is respectfully recommended that Petitioner's motions for immediate release be denied.

**I. JURISDICTION**

Section 2241 petitions must be filed in the district wherein the prisoner is incarcerated. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). Petitioner is incarcerated in Live Oak County, Texas. (D.E. 1, at 7). Therefore, jurisdiction is proper in this Court. 28 U.S.C. § 124(b)(6).

**II. BACKGROUND**

On April 26, 1995, Petitioner was arrested by local authorities based on state criminal charges. (D.E. 20-2, at 10). These charges were subsequently dismissed, and on April 27, 1995, he was released to federal custody charged with conspiracy to possess with intent to distribute marijuana pursuant to 21 U.S.C. § 846. (D.E. 20, at 2). Petitioner pled guilty to this charge in the Eastern District of Texas, and on November 2, 1995, he was sentenced to forty-eight months

in federal prison.¹ (D.E. 20-2, at 12).

On June 13, 1998, in a subsequent federal criminal proceeding in the Southern District of Texas, Petitioner was convicted of conspiracy to participate in a Racketeer Influenced and Corrupt Organizations Act ("RICO") enterprise pursuant to 18 U.S.C. § 1962(d).  (D.E. 1, at 8). On June 30, 1998, he was sentenced to 224 months in federal prison.² Id.  In the sentencing order, the district court indicated that the 224 month sentence reflected credit for the thirty-eight months that Petitioner served pursuant to his first federal conviction, including his pre-sentence custody beginning on April 26, 1995.³ Id.  Accordingly, the sentence was for 262 months, less thirty-eight months for time served.  Id.  Petitioner's two sentences were aggregated so that he is serving a total of 272 months, consisting of forty-eight months for the first conviction and 224 months for the second conviction.  Id. at 4.

On July 25, 2012, Petitioner filed this federal habeas petition alleging that the Bureau of Prisons ("BOP") miscalculated his sentence because the district court judge intended that his two sentences run concurrently.  Id. at 6.  Specifically, he claims that the 224 month sentence constitutes the entirety of his prison term and that it began running on November 2, 1995.  Id.  In addition, he claims that because he is entitled to 190 days of pre-sentence confinement credit for the time he served when taken into custody on April 26, 1995, as well as 167 days of good-time

---

¹ The sentence was imposed pursuant to sentencing guidelines for a level 21 offense with category III criminal history.  (D.E. 20-2, at 18).

² The sentence was imposed pursuant to sentencing guidelines for a level 37 offense with category III criminal history.  (D.E. 20-2, at 26).

³ The sentencing order specified that "the defendant be given credit of THIRTY EIGHT (38) MONTHS which is the amount of time from the date of his arrest in the ED/TX-Beaumont, on 4/26/95 to the present (262-38=224)."  (D.E. 1, at 9).

2

credit he earned while serving his initial sentence, his sentence ended on February 23, 2011. Id. at 3, 6. By contrast, according to the BOP, Petitioner's current projected release date, taking into account good conduct and time, is May 20, 2015. (D.E. 20, at 6).

On November 6, 2012, Respondents filed a motion to expand the record as well as a motion for summary judgment. (D.E. 20). Petitioner filed a response in opposition on November 21, 2012. (D.E. 23). On December 19, 2012, a memorandum and recommendation was issued recommending that the motion for summary judgment be granted and that the petition be dismissed. See generally Cantu v. Federal Bureau of Prisons, No. C-12-257, 2012 WL 6858240 (S.D. Tex. Dec. 19, 2012) (unpublished). Specifically, it recommended that Petitioner's sentence has been lawfully executed. Id. at *3-6.

On January 7, 2013, Petitioner filed his first motion for immediate release. (D.E. 29). Two days later, he filed essentially the same motion for immediate release. (D.E. 30). In his motions, he argues that the BOP has not lawfully executed his sentence.

### III. DISCUSSION

Specifically, Petitioner challenges the BOP's decision to treat his second sentence as running consecutive to his first sentence, rather than concurrently. (D.E. 1, at 3). He claims that it was the intention of all parties involved and the order of the judge presiding over his second conviction that his two sentences run concurrently, so that his 224 month sentence began running on November 2, 1995. Id. Accordingly, he maintains that the BOP's determination deprives him of liberty pursuant to the Fifth Amendment.

The Attorney General has the responsibility for imprisoning federal offenders, which is administratively carried out by the BOP. United States v. Wilson, 503 U.S. 329, 331 (1992).

For offenses committed after November 1, 1987, federal sentence computation is governed by 18 U.S.C. § 3585.  Id. at 332.  That statute provides guidelines for calculating a prisoner's sentence:

> (a) Commencement of sentence.–A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.–A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.  Section 3585, unlike its predecessor § 3568, does not specifically state that the Attorney General is responsible for granting federal prisoners credit for time served prior to the commencement of their federal sentences.  The Supreme Court, however, has held that time credit awards pursuant to § 3585(b) are to be made by the Attorney General through the BOP.  Wilson, 503 U.S. at 334-35; accord United States v. Dowling, 962 F.2d 390, 393 (5th Cir. 1992) (citing Wilson).  A prisoner may seek administrative review of the sentence computation determinations made by the BOP.  28 C.F.R. § 542.10-542.16.  Once an inmate has exhausted his administrative remedies, he may seek judicial review of the BOP's determination.  Wilson, 503 U.S. at 335-36.

In most cases, federal district courts have discretion as to whether to impose concurrent,

or consecutive sentences. 18 U.S.C. § 3584(a); accord United States v. Reyes-Lugo, 238 F.3d 305, 309 (5th Cir. 2001) (citations omitted). The Fifth Circuit has declared that "[w]ell-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court specifically orders they run concurrently." Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003) (per curiam) (holding that state prisoner's state and federal sentences ran consecutively where the district court did not specify otherwise). Therefore, the failure of a district court to specify that a subsequent federal sentence run concurrently with a prior federal sentence results in the designation of a consecutive sentence. Id. ("A district court must specify in its sentencing that sentences run concurrently; otherwise, they run consecutively."); accord Romandine v. United States, 206 F.3d 731, 738 (7th Cir. 2000) ("§ 3584(a) makes the federal sentence presumptively consecutive in all unprovided-for cases, and the effective decision then is made by the Attorney General ... rather than the federal judge"); Fegans v. United States, 506 F.3d 1101, 1105 (8th Cir. 2007) (BOP's interpretation of sentencing court's order entitled to substantial deference) (citation omitted).

Despite Petitioner's contentions, the BOP correctly interpreted the district court's sentence to run consecutively to Petitioner's prior federal sentence. The district court's sentencing order did not specify whether it intended Petitioner's second sentence to run concurrently or consecutively to his first. Rather, it merely indicated that Petitioner's second sentence was reduced from 262 to 224 months to account for the thirty-eight months Petitioner had spent in custody pursuant to his first conviction. Construing this order in light of 18 U.S.C. §§ 3584(a), 3585(a), the BOP determined that Petitioner's sentences ran consecutively, resulting in a single aggregated 272-month sentence that began running on November 2, 1995. (D.E. 20-

1, at 4-5); see also 18 U.S.C. § 3584(c) ("Multiple terms of imprisonment ordered to run consecutively ... shall be treated for administrative purposes as a single, aggregate term of imprisonment."). In addition to the substantial deference that should be afforded to the BOP's determination, a July 11, 2011 letter from this Court's Deputy Clerk, provides confirmation that the sentencing judge intended Petitioner to serve a 272 month sentence. (D.E. 20-1, at 4; D.E. 20-2, at 28, 30). Thus, despite Petitioner's contentions, the fact that his second sentence was reduced to reflect the time he served pursuant to his first conviction does not mean that this Court intended for his sentences to run concurrently. Rather, it means that instead of serving an aggregate 310 months (forty eight months for the first conviction, and 262 months for the second), he must only serve 272 months.

Petitioner's arguments to the contrary are unpersuasive. He claims that because Judge Vela never used the phrase "272 months" that he cannot be sentenced to an aggregated sentence of 272 months. (D.E. 29, at 4; D.E. 30, at 4).

Additionally, Petitioner claims that the fact that the district court did not treat him as a career offender indicates that his second conviction was not a "stand alone" offense, and therefore his two sentences should run concurrently. See U.S.S.G. § 5G1.3(b) (requiring concurrent sentences for related offenses under certain circumstances). Specifically, he argues that his second conviction, had it been a "stand alone" offense, would have qualified him as a career offender pursuant to U.S.S.G. § 4B1.1, because he had two prior felony convictions for controlled substances–one state and one federal–and because his second federal conviction constituted a third controlled substance felony conviction.[4] See U.S.S.G. § 4B1.1 (defining

---

[4] Petitioner offers no evidence regarding any prior state controlled substance felony conviction. Nevertheless, his assertion will be taken as true for the purpose of addressing his argument.

career offender). As a career offender, his second federal conviction would have required imposition of a life sentence because it was a level 37 offense. See U.S.S.G. § 4B1.1. According to Petitioner, the fact that he was not sentenced to life indicates that the second conviction was not a "stand alone" offense and that, therefore, the two sentences must run concurrently pursuant to U.S.S.G. § 5G1.3(b).

This argument is flawed for three reasons. First, Petitioner was not convicted of a crime involving controlled substances in his second federal proceeding. Rather, he was convicted of conspiracy to participate in a RICO enterprise. Compare § 4B1.2(b) ("The term 'controlled substance offense' means an offense ... that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance ... or the possession of a controlled substance ... with intent to manufacture, import, export, distribute, or dispense."); with 18 U.S.C. § 1962(d) (prohibiting conspiracy to violate federal racketeering laws). Therefore, Petitioner's second federal conviction would not earn him a third strike qualifying him as a career offender.

Second, there is no indication that U.S.S.G. § 5G1.3(b) would have applied in Petitioner's case. In particular, he has not shown that the undischarged 48-month sentence resulted from an offense that was "relevant conduct" to the RICO offense and was the basis for the offense level increase. See U.S.S.G. § 5G1.3(b).

Third and more fatally, however, even if § 5G1.3(b) were applicable, it was not binding on the district court's sentencing determination. As the Fifth Circuit has explained, "it is well established in this circuit that the district court retains the discretion to impose a sentence consecutively, even where this guideline applies, by means of a departure." United States v. Bell, 46 F.3d 442, 446 (5th Cir. 1995) (quoting United States v. Gross, 979 F.2d 1048, 1051-52

(5th Cir. 1992)); see also United States v. Jackson, 247 F. App'x 579, 581 (5th Cir. 2007) (per curiam) (unpublished) (citing Bell).  Therefore, it was well within the district court's discretion to reduce Petitioner's second sentence based on time he had served pursuant to his first federal conviction and to impose consecutive, rather than concurrent, sentences, notwithstanding the mandate of § 5G1.3(b).  Accordingly, Petitioner's argument falls short of showing that the district court specified concurrent sentences.

Petitioner has failed to show that his liberty is being restrained in violation of the United States Constitution, treaties, or statutes.  The BOP's determination that his two sentences are to be served consecutively is based on well-settled federal statutory law that is further supported by Fifth Circuit case law.  Therefore, it is respectfully recommended that the BOP did not err in calculating Petitioner's sentence.

## IV.  RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that Petitioner's motions for immediate release, (D.E. 29, 30), be DENIED, and that his petition, (D.E. 1), be DISMISSED.

Respectfully submitted this 24th day of April 2013.

	_____
	BRIAN  L. OWSLEY
	UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).