IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROY EDWARD CANTU | § | |
|     Reg. #: 05508-078 | § | |
| v. | § | C.A. NO. C-12-257 |
| | § | |
| FEDERAL BUREAU OF PRISONS, ET AL. | § | |

## OPINION DENYING MOTION FOR AN EVIDENTIARY HEARING

Petitioner is a federal prisoner currently incarcerated at the Federal Correctional Institution in Three Rivers, Texas. Proceeding pro se, he filed a habeas corpus petition pursuant to 28 U.S.C. § 2241, challenging the length of his sentence. (D.E. 1). Pending is petitioner's motion for an evidentiary hearing and an expedited ruling. (D.E. 32).

Rule 8(a) of the Rules Governing Section 2254 Cases states that "[i]f the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Rule 8(c) further requires that "[t]he judge must conduct the hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare." The Fifth Circuit has explained that "[a] hearing in a habeas proceeding is required only when, *inter alia*, the record reveals a genuine factual dispute." Tague v. Puckett, 874 F.2d 1013, 1015 (5th Cir. 1989) (emphasis added); see also Murphy v. Johnson, 205 F.3d 809, 815-16 (5th Cir. 2000) (discussing the basis for an evidentiary hearing).

On July 25, 2012, petitioner filed this federal habeas petition alleging that the Bureau of Prisons ("BOP") miscalculated his sentence because the district court judge intended that his two sentences run concurrently. Id. at 6. Specifically, he claims that the 224 month sentence

constitutes the entirety of his prison term and that it began running on November 2, 1995. Id. In addition, he claims that because he is entitled to 190 days of pre-sentence confinement credit for the time he served when taken into custody on April 26, 1995, as well as 167 days of good-time credit he earned while serving his initial sentence, his sentence ended on February 23, 2011. Id. at 3, 6. By contrast, according to the BOP, petitioner's current projected release date, taking into account good conduct and time, is May 20, 2015. (D.E. 20, at 6). In the pending motion, he argues for an evidentiary hearing to address "credible factual assertions which when proven[] will entitle Mr. Cantu to the relief requested." (D.E. 32, at 1). Moreover, he requests expedited consideration because he alleges that he will exceed the time he is supposed to serve if his calculations are correct. Id. at 2.

Respondents filed a motion for summary judgment. (D.E. 20). Petitioner filed a response opposing the motion for summary judgment. (D.E. 23). A memorandum and recommendation was issued recommending that respondents' motion for summary judgment be granted and that the petition be dismissed. (D.E. 27). Petitioner also filed two motions seeking immediate release. (D.E. 29, 30). A memorandum and recommendation was issued recommending that both of those motions be denied. (D.E. 31). If an evidentiary hearing is determined to be necessary, then one will be set. Similarly, the Court is moving as quickly as it can with the present docket to resolve this action as well as hundreds of others.

Accordingly, it is ORDERED that petitioner's motion for an evidentiary hearing and an

expedited ruling, (D.E. 32), be DENIED.

    ORDERED this 2nd day of May 2013.

                                                   BRIAN L. OWSLEY  
                                                 UNITED STATES MAGISTRATE JUDGE