UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROY EDWARD CANTU, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-00257 |
| | § | |
| FEDERAL BUREAU OF PRISONS, *et* | § | |
| *al*, | § | |
| | § | |
| Respondents. | | |

## ORDER ADOPTING
## MEMORANDA AND RECOMMENDATIONS

Pending before the Court is Petitioner's petition and motions requesting immediate release (D.E. 1, 29, 30) and Respondents' Answer and Motion to Expand the Record (D.E. 20), which was filed as, and has been treated as, a motion for summary judgment. United States Magistrate Judge Brian L. Owsley issued his Memorandum and Recommendation (D.E. 27) on December 19, 2012, recommending that summary judgment be granted and the petition be dismissed. After notice and an opportunity to object, Petitioner filed his objections in the form of a Motion and Recommendation to Grant Petitioners' Request for an Immediate Release (D.E. 29, 30) on January 7, 2013. The Magistrate Judge then issued a second Memorandum and Recommendation on April 24, 2013, recommending that the Petitioner's Motion be denied (D.E. 31). Petitioner has filed objections to that Memorandum and Recommendation (D.E. 35).

At issue is the calculation of the time of incarceration Petitioner must serve pursuant to sentences imposed for two convictions. Petitioner was first taken into

custody on April 26, 1995.  D.E. 20, p. 2.  On November 2, 1995 with respect to his "First Conviction" for conspiracy to possess with intent to distribute marijuana in the Eastern District of Texas, he was sentenced to forty-eight (48) months.  D.E. 20-2, pp. 12-13.  On June 13, 1998, he was sentenced in the Southern District of Texas on his "Second Conviction" for conspiracy to participate in a Racketeer Influenced and Corrupt Organizations Act (RICO) enterprise to two hundred twenty-four (224) months.  *Id.*, pp. 21-22.  The sentencing order on the Second Conviction expressly reflects that Petitioner received credit for the thirty-eight (38) months of time served on the First Conviction, including his pre-sentence custody beginning on April 26, 1995, from an initial two hundred sixty-two (262) month sentence.  *Id.*, p. 22.

The Bureau of Prisons (BOP) has calculated the combined sentences, running consecutively, as follows:  two hundred twenty-four (224) months on the second sentence plus forty-eight (48) months on the first sentence for a total incarceration of two hundred seventy-two (272) months, beginning as of November 2, 1995.  With good time credit, Petitioner's release date is anticipated to be May 20, 2015.  D.E. 20, pp. 5-6.  Petitioner filed this *habeas corpus* proceeding, arguing that the sentences should run concurrently under United States Sentencing Guidelines § 5G1.3(b)(1)(2).  He calculates his entire sentence as 224 months running from April 26, 1995.  D.E. 35, p. 2.  In that case, with good conduct time, he contends that he should have been released on February 23, 2011.  He seeks immediate release.

First, Petitioner's Objections include copious briefing related to contract law, including a complaint that the Magistrate Judge simply disregarded all of his contract

law arguments.  As this case involves criminal sentencing and not a contract dispute of any kind, Petitioner's contract law briefing is entirely irrelevant and any objections lodged therein are **OVERRULED**.

Second, Petitioner objects to the Magistrate Judge's determination to allow Respondents to expand the record.  According to Habeas Rule 7, the judge has the discretion to permit an expansion of the record with additional materials related to the petition.  The only requirement is that the opposing party be given an opportunity to admit or deny whether the additional materials are correct.  Petitioner has had that opportunity and did not then, and does not now, demonstrate any inaccuracy in the materials provided.  The Magistrate Judge acted within his discretion.  Petitioner's second objection is **OVERRULED**.

Third, Petitioner complains that the BOP, in its calculation, is not including good-time credit of 167 days.  However, he does not demonstrate how he has been denied such credit, given that the BOP has documented all good-time credit granted and revoked pursuant to disciplinary proceedings and Petitioner has not shown any of those credits or debits to be incorrect.  D.E. 20-1, pp. 5-6; 20-2, pp. 35, 37-38, 67.  Petitioner's third objection is **OVERRULED**.

Fourth, Petitioner objects, complaining that Petitioner's two federal convictions are clearly related because they both involved charges arising from conspiracy, possession, and/or distribution of marijuana.  D.E. 35, pp. 10-11.  He goes on to complain that they are from the same course of conduct, same common scheme, and the same plan, based on the "Date Offense Concluded" in the respective

judgments, referring to D.E. 35-1, pp. 1, 3.  Consequently, he argues, under USSG § 5G1.3(b), the judge was required to impose the second sentence to run concurrently with the first.

This argument fails to take into consideration the prerequisites for concurrent sentences under USSG § 5G1.3(b):  that the first offense be "relevant conduct" to the second offense—not just similar or related offenses—such that the first offense was the basis for an increase in the offense level for the second offense.  Petitioner has failed to demonstrate that his First Conviction was used to increase the offense level applied in his Second Conviction.  In addition, as the Magistrate Judge observed, the sentencing judge has discretion in cases such as Petitioner's whether to order a sentence to run concurrently with a prior sentence and, absent such an order, the presumption is that the sentences run consecutively.  18 U.S.C. § 3584(a); *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003) (*per curiam*); *United States v. Reyes-Lugo*, 238 F.3d 305, 309 (5th Cir. 2001).  Petitioner's fourth objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.  Accordingly, the motions for immediate release (D.E. 29, 30) are **DENIED**, the motion for summary

judgment (D.E. 20) is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.

      ORDERED this 10th day of June, 2013.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE