UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROY EDWARD CANTU, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-257 |
| | § | |
| FEDERAL BUREAU OF PRISONS, *et al*, | § | |
| | § | |
| Respondents. | § | |

## ORDER DENYING PETITIONER'S
## MOTION FOR RECONSIDERATION

### I.    PROCEDURAL AND FACTUAL BACKGROUND

Presently pending is Petitioner's Motion for Reconsideration[1] of this Court's June

10, 2013 Order and Final Judgment.  (DE 36, DE 37, DE 45 and DE 46).  Petitioner is a

federal prisoner currently incarcerated at the Federal Correctional Institution in Three

Rivers, Texas.  Proceeding *pro se*, he filed a habeas corpus petition pursuant to 28 U.S.C.

§ 2241 challenging the length of his sentence.

For the reasons stated herein, Petitioner's Motion for Reconsideration (DE 45 and

DE 46)[2] is denied pursuant to Federal Rule of Civil Procedure 60(b).

### II.    MOTION TO RECONSIDER

A motion which challenges a prior judgment on the merits is treated either as a

motion to alter or amend the judgment under Rule 59 or a motion for relief from

---

[1]The Motion is titled Motion to Recall Summary Judgment but as it requests the Court reconsider its previous ruling based upon new evidence, the Court construes the motion as a Motion for Reconsideration.

[2]Petitioner's motion was docketed twice, in DE 45 and DE 46.

judgment under Rule 60(b).  *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994).  Because Petitioner did not file his motion within 28 days after entry of final judgment, it is treated as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

Rule 60(b) authorizes the Court to give relief from judgment in a number of situations including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or any other reason justifying relief.  Fed. R. Civ. P. 60(b)(1)-(6).

In some instances, a petitioner bringing a Rule 60(b) motion may run afoul of the prohibition on second or successive motions.  *Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010).  It is only when a Rule 60 or 59(e) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," that it does not raise a second or successive claim. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).  Any other claim must be considered second or successive.  *Id*.

### III.   ANALYSIS

Petitioner is challenging the calculation of his federal sentence based on a conviction in the Eastern District of Texas for which he received a sentence of 48 months in custody and a subsequent conviction in the Southern District of Texas for which he received a sentence of 224[3] months in custody.  The Bureau of Prisons ("BOP") calculated the combined sentences, running consecutively, as follows:  224 months on the

---

[3]Petitioner was given credit for 38 months time served from 262 months, which was the lower end of the advisory range of imprisonment under the U.S. Sentencing Guidelines.  The adjusted sentence imposed by the Court was 224 months.

second sentence plus 48 months on the first sentence for a total incarceration of 272 months, beginning on November 2, 1995.  Petitioner alleges BOP miscalculated his sentence as his two sentences were to run concurrently, not consecutively.  After review, this Court held BOP accurately calculated Petitioner's sentence.  (DE 36 and DE 37).

Petitioner requests that the Court vacate the Judgment in this case on the basis of his "new evidence" pursuant to Rule 60(b)(2) which states the Court may vacate a final judgment when there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."

The "new evidence" is an addendum to the presentence report.  (DE 45). Petitioner claims this addendum establishes his sentences should be run concurrently, not consecutively.  Without addressing whether the Petitioner could have discovered this evidence earlier, the Court has examined the additional evidence and finds it unpersuasive.  The District Judge's sentencing order and judgment controls Petitioner's sentence, not the addendum.  The sentencing judge has discretion in cases such as Petitioner's whether to order a sentence to run concurrently with a prior sentence and, absent such an order, the presumption is that the sentences run consecutively.  18 U.S.C. § 3584(a); *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003) (*per curiam*); *United States v. Reyes-Lugo*, 238 F.3d 305, 309 (5th Cir. 2001).  A district judge has discretion to order a sentence to run consecutively or concurrently.  *Setser v. United States*, 132 S.Ct. 1463, 1470 (2012).  As discussed in this Court's June 10, 2013 Order, the sentencing order in Petitioner's case did not specify whether Petitioner's second sentence was to run concurrently or consecutively to his first.  Rather, Petitioner's second sentence was

reduced from 262 to 224 months to account for the 38 months Petitioner had spent in custody pursuant to his first conviction. The BOP determined, and this Court's Deputy Clerk confirmed, that Petitioner's sentences ran consecutively resulting in a single aggregated 272 month sentence.   (DE 20-1 and DE 20-2).   Instead of serving an aggregate 310 months (48 months for the first conviction and 262 months for the second), Petitioner must serve only 272 months (48 months for his first conviction and 224 months for the second).

The District Judge considered Petitioner's request for a concurrent sentence and granted a 38 month reduction below the advisory sentencing guidelines.  The District Judge was deliberate and clearly articulated the reasoning for Petitioner's sentence.  None of the matters raised in Petitioner's Rule 60(b) Motion warrant granting relief from judgment.

## IV.    CONCLUSION

The Court **DENIES** Petitioner's Motion for Relief from Judgment as Petitioner's "newly discovered evidence" does not alter this Court's earlier decision.  (DE 45 and DE 46).

ORDERED this 11th day of September, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE